## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **ODILMER PEÑA MENDEZ,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Case No.: 3:19-CV-118-DJH** |
| | § | |
| **v.** | § | |
| **MUSSEL BURGER BAR, INC.,** | § | |
| | § | |
| **d/b/a/ MUSSEL & BURGER BAR,** | § | |
| | § | |
| **YANIEL MARTINEZ,,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **FERNANDO MARTINEZ,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## COMPLAINT

### NATURE OF SUIT

1.  Plaintiff Odilmer Peña Mendez ("Plaintiff" or "Mendez") seeks to recover overtime wages that Defendants owe to him and have failed to pay him in violation of  the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a).

2.  In addition, Plaintiff seeks to recover amounts to be awarded subject to statutory penalties relating to Defendants' violations of  KRS 337.320 & KRS 337.365 for Defendants'' failure to keep and maintain accurate records of the hours Plaintiff worked and to provide Plaintiff with breaks from work, respectfully .

1

## II. PARTIES

3.    Plaintiff Odilmer Peñs Mendez is an individual residing at 5117 Emerald Drive, Louisville, KY 40219.

4.    Defendant Mussel Burger Bar, Inc. ("Mussel Burger") is a domestic for profit corporation doing business as Mussel & Burger Bar. Mussel Burger is incorporated in the Commonwealth of Kentucky and may be served on its registered agent, Yaniel Martinez at 9200 Taylorsville Road, Suite 103, Louisville, Kentucky 40299.,

5.    Defendant Yaniel Martnez ("Defendant Yaniel" or "Yaniel") is an individual residing in Jefferson County, Kentucky and was an owner and operator of the restaurant at which Plaintiff worked.  He may be served at 9200 Taylorsville Road, Suite 103, Louisville, Kentucky 40299.

6.    Defendant Fernando Martinez ("Defendant Fernando" or "Fernando") is an individual residing in Jefferson County, Kentucky and was an owner and operator of the restaurant at which Plaintiff worked.  He may be served at 9200 Taylorsville Road, Suite 103, Louisville, Kentucky 40299.

## III. JURISDICTION AND VENUE

7.    This Court has jurisdiction over the case because Plaintiff has asserted claims arising under federal law; the Fair Labor Standards Act (FLSA).  29 U.S.C. § 201 *et seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1367(a), this  Court has supplemental jurisdiction over the Kentucky state law claim asserted by Plaintiff, as these claims are so related to the federal claims that they form part of the same case or controversy.

2

8.   Pursuant to 28 U.S.C. § 1391, venue is proper in the Western District of Kentucky because the events forming the basis of the suit occurred in this District and Defendants reside in this District.

## IV. FACTUAL ALLEGATIONS

9.   During all times material to this Complaint, Defendant Mussel Burger, Defendant Yaniel an Defendant Fernando ("collectively Defendants") have acted jointly, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10.  During all times material to this complaint, Defendant Mussel Burger has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

11.  During all times material to this Complaint, Defendant Yaniel has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

12.  During all times material to this Complaint, Defendant Fernando has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning of KRS 337.010(1)(d).

13.  During all times material to this Complaint, Defendant Mussel Burger has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has

had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

14.   During all times material to this Complaint, Defendant Yaniel has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15.   During all times material to this Complaint, Defendant Fernando has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

16.   During all times material to this Complaint, Plaintiff has been an individual employee pursuant to KRS 337.010(1)(c) and was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17.   Defendant Mussel Burger is the corporation which manages the Mussel and Burger Bar located on Taylorsville Road in Louisville, Kentucky ("the Restaurant") at which Plaintiff worked.

18.   Defendants Yaniel and Fernando were businesses partners and the owners and operator of the Restaurant and are corporate officers of Mussel Burger.

4

19.   Defendant Yaniel was an owner and operator of the Restaurant and at all times material to this Complaint was responsible for the supervision, direction, instruction and regulation of Plaintiff in his work while he was employed at the Restaurant.

20.   Defendant Fernando was an owner and operator of the Restaurant and at all time material to this Complaint was responsible for the supervision, direction, instruction and regulation of Plaintiff in his work while he was employed at the Restaurant

21.   Sometime in approximately April of 2013, Defendants jointly hired Plaintif to work as a cook at their Restaurant.

22.   Defendants jointly employed Plaintiff as a cook at Defendants' Restaurant for approximately fifty=seven (57) to sixty two (62) hours per week for the time period from approximately April of 2013 to approximately April of 2018.

23.   During all times material to this Complaint, Plaintiff did not and has not held a undergraduate or professional degree.

24.   During all times material to this Complaint, Plaintiff's primary job duties were manual in nature and involved the preparation and cooking of food.

25.   During all times material to this Complaint. Plaintiff did not hold the responsibility for or authority of managing the Restaurant or a department within it.

26.   During all times material to this complaint, Defendants acted jointly as "employers" of Plaintiff as that term is defined in the FLSA.

27.   During all times material to this Complaint, Defendant Yaniel acted as a manager and operator of the Restaurant.

28.   During all times material to this Complaint, Defendants jointly employed Plaintiff as a matter of economic reality, at Defendants' Restaurant.

29.     During all times material to this Complaint, Defendants jointly had significant operational control of all or at least significant aspects of the day-to-day operations of the Restaurant.

30.     During all times material to this Complaint, Defendants had the joint authority to hire and fire cooks at the Restaurant including Plaintiff.

31.     During all times material to this complaint, jointly controlled Plaintiff's work schedules.

32.     During all times material to this Complaint, Defendants had the ability to set and determine the method and rate of Plaintiff's compensation.

33.     During all times material to this Complaint, Defendants jointly controlled Plaintiff 's working conditions.

34.     During all times material to this Complaint, Defendants jointly failed to pay Plaintiff at a rate of 1.5 times his regular wage ("the overtime wage") for the work he performed in excess of forty (40) hours in any given workweek.

35.     During all times material to this Complaint, Defendants jointly failed to provide Plaintiff with accurate records of the hours he worked.

36.     During all times material to this Complaint, Defendants failed to permit or allow Plaintiff to take a rest period for every four (4) hours.

37.     During all times material to this Complaint, Defendants have jointly knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff in this action.

## V. FIRST CAUSE OF ACTION: FAIR LABOR STANDARDS ACT ("FLSA") FAILURE TO SATISFY OVERTIME PAY OBLIGATIONS, 29 U.S.C. § 207

38.     During the time period from approximately April 2013 to approximately April 2018, Plaintiff was not exempt from receiving overtime benefits under the FLSA because, *inter*

*alia*, he was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

39. During the time period from approximately April 2013 to approximately April 2018, Defendants jointly and regularly employed Plaintiff to work for them as a cook for between approximately fifty-seven (57) to approximately sixty-two (62) hours a week.

40. During the time period from approximately April 2013 to approximately April 2018, Defendants jointly and regularly failed to pay Plaintiff any overtime wages, and instead, paid him a semi-monthly salary of approximately $1,675.

41. As such, during the time period from approximately April 2013 to approximately April 2018 Defendants jointly failed to pay Plaintiff overtime pay for between approximately17 and  22 hours of work a week in violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a).

42. Because Defendants joint failure to pay overtime wages was willful pursuant to 29 U.S.C. §255(a), Plaintiff is entitled to these wages dating back three (3) years.

43. Defendants' joint failure to pay Plaintiff the lawful overtime wage rate while Plaintiff was an employee was not based on good faith or reasonable grounds, or a belief that such failure was not in violation of the FLSA.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the wages which he has not been paid.

## VI. SECOND CAUSE OF ACTION: DEFENDANTS' VIOLATIONS OF KRS 337-

44. All previous paragraphs are incorporated as though fully set forth herein.

45. During the time period from approximately April 2013 to approximately February 2018, Defendants jointly employed Plaintiff within the meaning of K.R.S. 337.010 § (1)(e).

46.     During the time period from approximately April 2013 to approximately April 2018, Defendants were Plaintiff's employers within the meaning of K.R.S. 337.010 § (1)(d).

47.     During the time period from approximately April 2013 to April 2018, Defendants jointly failed to allow or permit Plaintiff to take a rest break of at least 10 (ten) minutes for each four (4) hours he worked.

48.     During the time period from approximately April 2013 to April 2018, Defendants failed to keep and maintain accurate records of the hours Plaintiff worked.

49.     Defendants jointly violated K.R.S. 337.365 by refusing to permit Plaintiff to take rest breaks as required by this statute.

50.     Defendants jointly violated KRS 337.320 by failing to make, keep, or preserve adequate records for Plaintiff

51.     As a result of Defendants' joint violations of Kentucky's Wage and Hour Laws, Plaintiff is entitled to the award of civil penalties in the amount up to $1,000 but not less than $100 for each instance of Defendants' violations. *See* KRS 337.990(7) & (10).

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.      For an Order pursuant to 29 U.S.C. § 216(b)  of the FLSA finding Defendants jointly and severally liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.      For an Order pursuant to KRS 337.385 finding Defendants jointly and severally liable  and awarding Plaintiff his unpaid minimum wages, plus an equal amount as liquidated damages, for Defendants' violation of KRS 337.2For an Order

pursuant to KRS 337.990 assessing a civil penalty of up to $1,000 but not less

than $100 for each of Defendants' joint failures to permit Plaintiff to take rest

breaks as required by KRS 337.365;

c.   For an Order pursuant to KRS 337.990 assessing a civil penalty of up to $1,000

but not less than $100 for each of Defendants' failures to keep or maintain

accurate records of the hours Plaintiff worked in violation of KRS 337.320;

d.   For an Order awarding Plaintiff his reasonable attorneys fees;

e.   For an Order awarding Plaintiff pre-judgment and post-judgment interest at the

highest rates allowed by law;

f.   For an Injunction prohibiting Defendants from engaging in future violations of the

FLSA and Kentucky Wage and Hour laws;

g.   For trial by jury; and

h.   For an Order granting such other and further relief as may be necessary and

appropriate.

February 15, 2019                           Respectfully submitted,


                                            */s/Trent R. Taylor*
                                            Trent R. Taylor (KY Bar No. 94828)
                                            **BARKAN MEIZLISH DEROSE WENTZ
                                            MCINERNEY PEIFER, LLP**
                                            250 East Broad Street, 10th Floor
                                            Columbus, Ohio 43215
                                            Telephone:  (614) 221-4221
                                            Facsimile:  (614) 744-2300
                                            Email: ttaylor@barkanmeizlish.com


                                            *Attorney for the Plaintiff*